IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00247-WJM-NRN

C. S. ROBLEDO-VALDEZ,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ROBERT DICK,
JEFF LONG,
JEFF PETERSEN,
RAY BILDERAYA,
E. LITTLE,
RAY HIGGINS,
SEAN CURRY,
STEPHANIE STEPHENSON,
CAHRLES KIRSCHBAUM,
HOLLIE KENNEDY,
BENJAMIN MCLAUGHLIN,
ADAM STRATTON,
DAN KATZENBERG,
BRIAN WINGERT,
NATHAN WAGNER,
REBECCA OAKES,
STEVE FRANK,
JOSH SWENES,
RANDY SMITHGALL,
RAYMOND COLE, and
BRITTNY LEWTON,

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT BRITTNY LEWTON'S MOTION TO DISMISS
(DKT. #11)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This prisoner civil rights case is before the Court pursuant to an Order (Dkt. #29) issued by Judge William J. Martinez referring Defendant Brittny Lewton's Motion to Dismiss. Dkt. #11. Plaintiff Craig S. Robledo-Valdez, who proceeds pro se, did not file a response. The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Civil Procedure and case law, and **RECOMMENDS** that the motion be **GRANTED**.

## I. BACKGROUND

Plaintiff is currently in the custody of the Colorado Department of Corrections ("CDOC") and incarcerated at the Sterling Correctional Facility ("SCF"). He initiated this lawsuit against Ms. Lewton and several other defendants in the District Court of Logan County, Colorado on December 23, 2019. *See generally* Dkt. #6. Ms. Lewton timely removed the action to this District on January 29, 2020. Ms. Lewton filed the subject motion to dismiss on February 11, 2020. Dkt. #1.

In his Prisoner Complaint, Plaintiff asserts one claim against Ms. Lewton pursuant to 42 U.S.C. § 1983. Dkt. #6 at 43.[1] Plaintiff claims that Ms. Lewton, the District Attorney of Logan County, Colorado, violated the Equal Protection Clause of the Fourteenth Amendment by not charging two inmates who had attacked Plaintiff in his cell in June 2014.[2] Ms. Lewton told Plaintiff she did not have enough evidence to prosecute the case, but Plaintiff believes that Ms. Lewton conspired with CDOC employees in covering up the attack. *Id.* As relief, he requests, among other things, that

---

[1] All page numbers cited herein reference the CM-ECF page stamp at the top right corner of the page.

[2] Plaintiff's 50-page Prisoner Complaint asserts numerous claims against the other defendants relating to this incident, as well as various problems with how his legal papers were handled and the manner in which he was paroled.

the Logan County District Attorney be ordered "to uphold inmate victims' rights and to prosecute inmates who attack other inmates, not just inmates who attack staff"; that Ms. Lewton issue him a "full apology"; and an award of compensatory, punitive, nominal, and exemplary damages. Dkt. #6 at 49.

Ms. Lewton now moves to dismiss Plaintiff's claim. She argues that she is entitled to absolute prosecutorial immunity and, even if she was not immune from suit, Plaintiff fails to state a claim for relief under the Fourteenth Amendment.

## II. LEGAL STANDARDS

### A. Pro Se Plaintiff

Plaintiff is proceeding pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status

does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B. Failure to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to

relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

The court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## III. ANALYSIS

### A. Eleventh Amendment Immunity

As Ms. Lewton notes, it is unclear whether Plaintiff brings his claim against her in her official capacity, her individual capacity, or both. *See* Dkt. #6 at 8 (only alleging that Ms. Lewton "acts under color of state law"). It is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir.1994). Therefore, to the extent that Plaintiff's §

1983 claim is asserted against Ms. Lewton in her official capacity seeking monetary damages, such relief is barred by the Eleventh Amendment.

## B. Prosecutorial Immunity

"State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (emphasis, ellipsis, and internal quotation marks omitted). *See also Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) ("[I]t is well-established law that '[p]rosecutors are entitled to absolute immunity' for anything they do in their roles as advocates, including their 'decisions to prosecute.'") (quoting *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009). Prosecuting attorneys are absolutely immune from suit under § 1983 for decisions to prosecute, *Hammond v. Bales*, 843 F.2d 1320, 1321 (10th Cir.1988), and, as is relevant here, to not prosecute. *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir.1982). *See also Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1989) *("If the prosecutor had absolute immunity only for the decision to prosecute and not for a decision not to prosecute, his judgment could be influenced in favor of a prosecution that sound and impersonal judgment would eschew.").* Prosecutors are also entitled to immunity for any related investigatory or evidence gathering functions undertaken in connection with the prosecutorial function. *See Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (prosecutor's immune conduct includes investigation, or lack thereof).

However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for

judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509
U.S. 259, 273 (1993). For example, a prosecutor is not entitled to immunity "when [she]
is acting as a witness rather than an advocate." *Nielander*, 582 F.3d at 1164.

Plaintiff's allegations clearly indicate that he is suing Ms. Lewton for conduct
performed as part of her professional duties in the course of a criminal investigation and
prosecution. Insofar as Plaintiff alleges that Ms. Lewton's investigation into the attack
was insufficient, "[t]here is no question in this circuit that prosecutors are absolutely
immune from liability for allegedly failing to conduct an adequate, independent
investigation of matters referred to them for prosecution." *Scott*, 216 F.3d at 909. As it
relates to her decision not to charge the inmates who attacked Plaintiff due to lack of
evidence, this obviously implicates Ms. Lewton's exercise of professional judgment in
the performance of prosecutorial duties and therefore falls within absolute immunity.
*See Kalina v. Fletcher*, 522 U.S. 118, 130 (1997) (recognizing that a prosecutor's
decision to file charges involves the exercise of professional judgment). Plaintiff's
allegation that Ms. Lewton "was very likely paid or bribed by CDOC" into not charging
the other inmates is wholly conclusory. It is also "of no consequence, for absolute
immunity provides complete protection from judicial scrutiny of the motives for the
prosecutors' actions." *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997).

Accordingly, Plaintiff's Fourteenth Amendment Equal Protection claim against
Ms. Lewton is brought for her actions taken in pursuit of her prosecutorial function and,
thus, is barred by absolute immunity.[3]

---

[3] Because Ms. Lewton is protected by absolute prosecutorial immunity for the conduct alleged in
Plaintiff's Prisoner Complaint, the Court will not address whether Plaintiff adequately stated an
Equal Protection claim.

## IV. RECOMMENDATION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendant Brittny Lewton's Motion to Dismiss (Dkt. #11) be **GRANTED.**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corrections*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

BY THE COURT

Date: April 27, 2020
Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge

8