**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0247-WJM-NRN

CRAIG S. ROBLEDO-VALDEZ,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, et al.,

      Defendants.

---

**ORDER ADOPTING THE RECOMMENDATION OF
MAGISTRATE JUDGE GRANTING
DEFENDANT BRITTNY LEWTON'S MOTION TO DISMISS**

---

      Plaintiff Craig S. Robledo-Valdez brings this prisoner civil rights action against Defendant Brittny Lewton, the District Attorney of Logan County, Colorado, following her decision not to charge two inmates who allegedly attacked Robledo-Valdez in his cell in June 2014.  (ECF No. 6.)

      This matter is before the Court on United States Magistrate Judge N. Reid Neureiter's Report and Recommendation, dated April 27, 2020 ("Recommendation") (ECF No. 33), which recommends that the Court grant Lewton's Motion to Dismiss ("Motion to Dismiss") (ECF No. 11).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Robledo-Valdez filed an objection to the Recommendation ("Objection") on May 13, 2020.  (ECF No. 37.) Lewton filed a Response to Plaintiff's Objection to Dkt. #11 Recommendation ("Response to Objection") on May 27, 2020.  (ECF No. 38.)

## I.  RULE 72(b) STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de

novo any part of the magistrate judge's [recommendation] that has been properly

objected to."  An objection to a recommendation is properly made if it is both timely and

specific.  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).

An objection is sufficiently specific if it "enables the district judge to focus attention on

those issues—factual and legal—that are at the heart of the parties' dispute."  *Id*. at

1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the

[recommendation]; receive further evidence; or return the matter to the magistrate judge

with instructions."  Fed. R. Civ. P. 72(b)(3).

## II.  PROCEDURAL BACKGROUND

On February 11, 2020, Lewton filed the Motion to Dismiss (ECF No. 11), to

which Robledo-Valdez did not respond.

On April 24, 2020, Robledo-Valdez filed a Motion to Amend Complaint.  (ECF

No. 31.)

On April 27, 2020, the Magistrate Judge issued the Recommendation,

recommending that the Motion to Dismiss be granted and that Robledo-Valdez's single

claim against Lewton—a Fourteenth Amendment Equal Protection claim—be dismissed

because Lewton, as the District Attorney of Logan County, Colorado, is entitled to

absolute prosecutorial immunity.  (ECF No. 33.)

On May 6, 2020, the Magistrate Judge held a telephonic status conference and

granted, in part, Robledo-Valdez's Motion to Amend Complaint.  (ECF No. 36.)

However, the Magistrate Judge specifically denied Robledo-Valdez leave to file any

amended claims against Lewton due to the pending Recommendation.  (*Id.* at 2.)

Nonetheless, Robledo-Valdez filed an untimely amended complaint that repeated and

expanded the allegations and claims against Lewton.  (ECF No. 45.)  Specifically, in

addition to the Fourteenth Amendment claim, Robledo-Valdez added a 42 U.S.C.

§ 1985 conspiracy claim against Lewton.  (*See id.* at 66.)

On May 13, 2020, Robledo-Valdez filed his Objection.  (ECF No. 37.)  However,

Robledo-Valdez does not specifically object to any portion of the Recommendation.

Rather, he asserts additional facts and arguments that he wishes to allege in an

amended complaint and that were not before the Magistrate Judge when he issued the

Recommendation.  (*Id.* at 1–2.)

On May 27, 2020, Lewton filed the Response to Objection, which argues that as

an initial matter, the Objection is untimely and general in nature such that it does not

address the recommendations made by the Magistrate Judge in the Recommendation.

(ECF No. 38 at 3–5.)  However, should the Court conclude Robledo-Valdez's objections

were not waived for the aforementioned reasons, Lewton argues that the Court should

adopt the Recommendation because the claims against her in her official capacity

should be dismissed; she is entitled to absolute prosecutorial immunity; Robledo-Valdez

failed to assert a claim of Equal Protection against her; Robledo-Valdez failed to assert

a claim of conspiracy;[1] and the proposed amendments to Robledo-Valdez's complaint

set out in his Objection are futile and contrary to the ruling issued by the Magistrate

Judge at the telephonic status conference.  (*Id.* at 5–14.)

On August 4, 2020, in light of the new allegations against her and the Magistrate

Judge's prohibition on such allegations, Lewton filed a Motion to Strike Plaintiff's

Amended Complaint.  (ECF No. 46.)  The Magistrate Judge issued an Order Granting

Defendant Brittny Lewton's Motion to Strike Plaintiff's Amended Complaint (Dkt. #46),

reasoning:

> I expressly instructed [Robledo-Valdez] that he was not
> given leave to file any amended claims against Ms. Lewton
> because my Recommendation that Ms. Lewton was immune
> to any such claims was pending before Judge Martinez.
> Plaintiff did not comply with my order (or my suggestion that
> he streamline his allegations).  He cannot ignore my order
> and assert additional allegations and claims against
> Ms. Lewton.
>
> Moreover, I find that Ms. Lewton has satisfied her burden in
> showing that she would be prejudiced if her motion to strike
> is not granted.  Ms. Lewton should not have to defend
> against two complaints, especially as it appears (as set forth
> in my Report and Recommendation) that she is absolutely
> immune from suit.

(ECF No. 56 at 4.)  All amended allegations and claims against Lewton in Robledo-

Valdez's Amended Complaint (ECF No. 45) were stricken.  (ECF No. 56 at 4–5.)  In

light of the order striking all allegations against Lewton in Robledo-Valdez's amended

complaint (ECF No. 56), the Magistrate Judge denied as moot Lewton's Motion to

---

[1] Lewton incorporates by reference Argument D in her Motion to Dismiss and asserts that Robledo-Valdez failed to establish a claim of conspiracy under 42 U.S.C. § 1983 (ECF No. 11 at 11–13.)  (ECF No. 38 at 8.)

4

Dismiss Plaintiff's Amended Complaint (ECF No. 47).  (ECF No. 59.)

### III.  ANALYSIS

In the Recommendation, the Magistrate Judge recommends that "to the extent that [Robledo-Valdez's] § 1983 claim is asserted against Lewton in her official capacity seeking monetary damages, such relief is barred by the Eleventh Amendment," and that Robledo-Valdez's "Fourteenth Amendment Equal Protection claim against Lewton is brought for her actions taken in pursuit of her prosecutorial function and, thus, is barred by absolute immunity."  (ECF No. 33 at 5–7.)  In his Objection, Robledo-Valdez does not specifically object to any portion of the Recommendation.  (ECF No. 37.)  Rather, he "objects" by proposing changes to his claims against Lewton and explaining the reasons he wishes to amend his complaint, including his intent to allege that "Lewton is involved in a greater conspiracy in violation of various statutes and even 42 U.S.C. § 1985."  (*Id.* at 1.)

To the extent Robledo-Valdez objects to the Recommendation generally, this is not sufficient to trigger *de novo* review.  *See Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.").  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in

5

order to accept the recommendation.").

As explained above, the Magistrate Judge denied Robledo-Valdez's request to amend his claims against Lewton. (ECF No. 36 at 2.) Therefore, Robledo-Valdez's objections, which are based on his intent to file amended claims against Lewton, do not address the Recommendation and its conclusion that his claim against Lewton is barred by prosecutorial immunity.

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 33) is ADOPTED;

2. Plaintiff Craig Robledo-Valdez's Objection to Recommendation of United States Magistrate Judge (ECF No. 37) is OVERRULED;

3. Defendant Brittny Lewton's Motion to Dismiss (ECF No. 11) is GRANTED;

4. Robledo-Valdez's claims, and this action, are DISMISSED WITH PREJUDICE as to Defendant Brittny Lewton;

5. At the conclusion of this case, the Clerk shall enter judgment in favor of Defendant Brittny Lewton and against Plaintiff Craig Robledo-Valdez; and

6. Each party shall bear his or her own costs.

Dated this 22nd day of September, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge