**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-0247-WJM-NRN

CRAIG S. ROBLEDO-VALDEZ,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ROBERT DICK,
JEFF LONG,
JEFF PETERSON,
RAY BILDERAYA,
EVA LITTLE,
RAY HIGGINS,
SEAN CURRY,
SEPHANIE STEPHENSON,
CHARLES KIRSCHBAUM,
HOLLIE KENNEDY,
BENJAMIN MCLAUGHLIN,
ADAM STRATTON,
DAN KATZENBERG,
BRIAN WINGERT,
NATHAN WAGNER,
REBECCA OAKES,
STEVE FRANK,
JOSH SWENES,
RANDY SMITHGALL, AND
RAYMOND COLE,

      Defendants.

---

**ORDER ADOPTING DECEMBER 11, 2020 RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

---

      This matter is before the Court on the December 11, 2020 Report and

Recommendation of United States Magistrate Judge N. Reid Neureiter (the

"Recommendation") (ECF No. 63) that the Court grant Defendants' Motion to Dismiss

pursuant to Federal Rule of Civil Procedure 8 ("Motion") (ECF No. 48).  The

Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B);

Fed. R. Civ. P. 72(b).  For the following reasons, the Recommendation is adopted and

Plaintiff's Objection is overruled.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of

this action and reproduces only the facts pertinent to this ruling.

Plaintiff is incarcerated at Sterling Correctional Facility ("SCF"), a facility of the

Colorado Department of Corrections ("CDOC").  (ECF No. 45 at 4.)  Defendants are

CDOC officials.  (*Id.* at 1.)  The basis of this action appears to stem from a series of

incidents at SCF involving numerous CDOC officials and Plaintiff's fellow inmates,

which occurred between 2014 and 2020.  (*See id.* at 8–12.)

Plaintiff filed his initial Complaint on December 23, 2019 in the District Court of

Logan County, Colorado.  (ECF No. 6.)  Defendant Brittney Lewton removed the action

to this Court on January 29, 2020.  (ECF No. 1.)  Plaintiff filed a Motion to Amend his

Complaint on April 24, 2020.  (ECF No. 31.)  At a status conference on May 6, 2020,

Judge Neureiter granted Plaintiff's Motion to Amend in part, based on Plaintiff's

representation that he would eliminate certain claims and defendants in order to render

the Complaint concise and clear as required by Rule 8.  (ECF No. 36 at 2; *see also* ECF

No. 63 at 6.)

Plaintiff filed his Amended Complaint on July 22, 2020.  (ECF No. 45.)  The

Amended Complaint is 73 handwritten pages in length and implicates 66 defendants. [1]

---

[1] The above-captioned Defendants are those whom Plaintiff was able to identify and serve.

(*See generally id.*)  Defendants filed their Motion on August 6, 2020.  (ECF No. 48.)

Defendants argue that the Amended Complaint's prolixity and lack of clarity violate Rule

8.  (*Id.* at 6.)  Plaintiff filed a Response to the Motion (ECF No. 53), and Defendants filed

a Reply to the Response (ECF No. 55).

On December 11, 2020, Judge Neureiter issued his Recommendation that the

Court grant the Motion and dismiss Plaintiff's Amended Complaint pursuant to Rule 8.

(ECF No. 63.)  He reasoned that he had already advised Plaintiff at the status

conference to revise his initial Complaint, which was 44 handwritten pages of

ambiguous claims, and brought against 22 defendants.  (*Id.* at 2–3; *see also* ECF No.

6.)  Based on Plaintiff's complete failure to comply with Rule 8, even after being put on

notice of his initial Complaint's deficiencies, Judge Neureiter recommended that the

Amended Complaint be dismissed without prejudice.  (ECF No. 63 at 6.)

Plaintiff filed an Objection on December 31, 2020.  (ECF No. 64.)  Defendants

filed a Response to Plaintiff's Objection on January 15, 2021.  (ECF No. 68.)

## II. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de

novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  Fed. R. Civ. P. 72(b)(3).  An objection to a recommendation is properly

made if it is both timely and specific.  *2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir.

1996).  An objection is sufficiently specific if it "enables the district judge to focus

attention on those issues—factual and legal—that are at the heart of the parties'

dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or

modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

### III. ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendants argue that Plaintiff's Amended Complaint fails to comply with the pleading requirements set forth in Federal Rule of Civil Procedure 8, and therefore should be dismissed.  (ECF No. 48 at 7.)

Rule 8 instructs that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).  Rule 8 further provides that "[e]ach allegation must be simple, concise and direct."  *Id.* at 8(d)(1).  While the Court liberally construes *pro se* pleadings, *pro se* status does not excuse the obligation of any litigant to comply with the

4

requirements of the Federal Rules of Civil Procedure.  *Ogden v. San Juan Cnty.*, 32 F.3d. 452, 455 (10th Cir. 1994).  Therefore, Plaintiff's pleadings must comply with the Federal Rules of Civil Procedure, including Rule 8.

As stated, Plaintiff's Amended Complaint is over 70 pages in length and brought against over 60 defendants.  (ECF No. 45.)  As Judge Neureiter noted, the Amended Complaint consists of "long, bewildering narratives" and a "'morass' of irrelevant and redundant factual allegations and legal arguments."  (ECF No. 63 at 6.)  The length and breadth of the Amended Complaint, and Plaintiff's lack of clarity as to how each Defendant violated his legally protected rights, run afoul of Rule 8's mandates.  *See Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952) ("The purpose of [Rule 8(a)] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."); *see also Baker v. City of Loveland*, 686 F. App'x 619, 622 (10th Cir. 2017) (upholding dismissal of complaint for failure to comply with Rule 8 where complaint was 42 pages in length and alleged 17 causes of action).

In his Objection, Plaintiff primarily argues that dismissal would prejudice him, as most of his claims would be barred by the statute of limitations.  (ECF No. 64 at 1.)  He contends that dismissal is "too severe an action right now," and seeks "one more opportunity to modify his Complaint and bring it into compliance."  (*Id.* at 2, 3.)  If granted leave to amend, Plaintiff offers to "exclude 15 Defendants" and "remove all claims technically barred by the doctrine of estoppel."  (*Id.* at 2.)

Judge Neureiter already allowed Plaintiff the opportunity to cure the pleading deficiencies in his initial Complaint and avoid dismissal on Rule 8 grounds.  (ECF No. 36 at 2.)  At the status conference in which he granted Plaintiff's Motion to Amend,

Judge Neureiter instructed Plaintiff to assert his claims concisely and eliminate claims which would not survive a dispositive motion.  (*Id.*; *see also* ECF No. 63 at 2.)  Instead of incorporating Judge Neureiter's instructions, Plaintiff opted to add approximately 30 additional pages and 40 additional defendants.  (ECF No. 45.)

The Court is dubious that again granting Plaintiff leave to amend would be fruitful, particularly when Plaintiff appears to concede that his Amended Complaint asserts claims that are "technically barred," and would cut 15 defendants from the action seemingly indiscriminately.  (ECF No. 64 at 2.)  Plaintiff abused his opportunity to amend his initial Complaint, and the Court need not provide another such opportunity.  *See Jackson v. Jackson*, 377 F. App'x 829, 831 (10th Cir. 2010) (upholding dismissal of *pro se* litigant's complaint after repeated failure to comply with court's orders to cure deficient filings).  Accordingly, the Court adopts the Recommendation and dismisses Plaintiff's Amended Complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      The Report and Recommendation (ECF No. 63) is ADOPTED in its entirety;

2.      Plaintiff's Objection (ECF No. 64) is OVERRULED;

3.      Defendants' Motion to Dismiss (ECF No. 48) is GRANTED;

4.      Plaintiff's Amended Complaint (ECF No. 45) is DISMISSED WITHOUT PREJUDICE;

5.      The parties shall bear their own fees and costs; and

6.      The Clerk shall terminate the case.

Dated this 22nd day of February, 2021.

BY THE COURT:

William J. Martínez
United States District Judge